```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
EVEREL MORRIS,

                 Plaintiff,

        -against-                      MEMORANDUM & ORDER
                                       10-CV-1707 (JS)(AKT)

BROADRIDGE FINANCIAL SERVICES,
INC., ET AL.,

                 Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:    Lennox S. Hinds, Esq.
                  Steven Hinds & White, P.C.
                  116 West 111th Street
                  New York, NY 10026

                  Michael A. Nelson, Esq.
                  65 South Street, Suite 1A
                  Freehold, NJ 07728

For Defendants:   Jeremy M. Brown, Esq.
                  Proskauer Rose LLP
                  One Newark Center
                  Newark, NJ 07102
```

SEYBERT, District Judge:

Plaintiff Everel Morris ("Plaintiff"), proceeding pro se, commenced this employment discrimination suit against Defendants Broadridge Financial Services, Inc. ("Broadridge"), and four Broadridge executives: Robert Garrison, Joseph Tunkel, Stephen Lawrence and John Oliveri (the "Individual Defendants" and, with Broadridge, "Defendants").

Plaintiff, a black male of Jamaican origin, claims that throughout his employment at Broadridge, he has been the victim of continuous and systemic race- and national origin-based employment

discrimination resulting in, among other things, a lack of advancement opportunities. Specifically, he alleges that Broadridge (1) intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) intentionally discriminated and retaliated against Plaintiff in violation of New York State Human Rights Law section 290 ("NYSHRL") (Counts II and IV); (3) retaliated against Plaintiff in violation of 42 U.S.C. Section 1981 ("Section 1981") (Count III); and (4) discriminated against Plaintiff in violation of New York City Human Rights Law section 801-101 ("NYCHRL") (Count V).

Plaintiff also alleges that the Individual Defendants (5) intentionally discriminated and retaliated against him in violation of Section 1981 (Counts VI and VIII); (6) aided and abetted discrimination and retaliated against him in violation of NYSHRL 290 (Counts VII and IX); and (7) discriminated against him in violation of NYCHRL 801-101 (Count X).

Pending before the Court is Defendants' motion for partial dismissal of the Complaint. Defendants make four specific requests: first, that Plaintiff's claims under NYCHRL be dismissed in their entirety; second, that Plaintiff's failure-to-promote claim under Title VII be dismissed to the extent it is based on conduct that occurred prior to June 19, 2007; third, that Plaintiff's failure-to-promote and retaliation claims under NYSHRL

be dismissed to the extent that they are based on conduct that occurred prior to April 15, 2007; and fourth, that Plaintiff's failure-to-promote and retaliation claims under Section 1981 be dismissed to the extent they are based on conduct that occurred prior to April 15, 2006. For the reasons that follow, Defendants' motion is GRANTED IN PART.

BACKGROUND

Plaintiff is a black male of Jamaican origin who has worked at Broadridge and its predecessors-in-interest for the past thirteen years. Broadridge is a technology service company. The Individual Defendants, all Caucasian males, are company executives. (Compl. ¶¶ 13-15.)

Plaintiff has worked as a software programmer in Broadridge's Information Technology Department (the "IT Department") since 1997, when he joined the company as an Associate Programmer. (Compl. ¶ 2.) Since his hiring, Plaintiff has performed his job in a professional and "better than satisfactory" manner. (Compl. ¶ 2.) He has received "outstanding performance reviews," and he has played a "critical role" in projects that have earned Broadridge hundreds of millions of dollars. (Compl. ¶ 3.) Plaintiff has earned four promotions during his tenure at the company. (Compl. ¶ 3.)

Despite positive reviews and a desire to advance within the company, Plaintiff has not yet been promoted to the management

ranks. The Complaint details how Plaintiff was denied a management-level position in 2008. These allegations include that Plaintiff asked to ascend to a managerial spot that had recently been vacated by Plaintiff's former supervisor, (Compl. ¶ 40), and that Plaintiff's request was denied for a host of allegedly pretextual reasons. (Compl. ¶¶ 41-43.)

In addition to describing the January 2008 denial of promotion, Plaintiff makes a host of undated, generalized discrimination allegations. For example, Plaintiff alleges that

- "[D]uring his tenure at Broadridge . . . [Plaintiff's] promotional path as a programmer has taken a much longer and different path than his non-Black counterparts although they lacked his technical skills." (Compl. ¶ 30.)

- "Despite receiving outstanding performance reviews and playing a critical role in numerous major projects that has [sic] earned the Company Hundreds of Millions of dollars, [Plaintiff's] salary has remained in the minimum range of the pay scale throughout his career with the Company." (Compl. ¶ 3.)

- ". . . [Plaintiff] and other Black employees have received incremental promotions that have hindered their growth within the Company." (Compl. ¶ 4).

- "Additionally, had [Plaintiff's] promotion track followed the course of his non-Black counterparts, after four (4) promotions, he would have been in a managerial role at this point." (Compl. ¶ 44.)

These undated, general allegations of discrimination and those like them prompted Defendants' motion to partially dismiss the Complaint.

4

DISCUSSION

For the reasons that follow, Defendants' motion is granted in part.

I. New York City Human Rights Law

Defendant argues, and Plaintiff concedes, that the New York City Human Rights Law is inapplicable because Plaintiff neither resides nor works in New York City and the discriminatory and retaliatory conduct of which Plaintiff complains had no impact within New York City. (Deft. Br. at 1; Pl. Opp. at 2.) Accordingly, this portion of Defendants' motion is GRANTED, and Counts V and X, which allege violations under the New York City Administrative Code, are DISMISSED.

II. Plaintiff's Claims Are Limited To Those Based On Conduct That Occurred Within The Applicable Limitations Period

Defendants argue that Plaintiff's failure-to-promote and retaliation claims under Title VII, the NYSHRL, and Section 1981 are time-barred to the extent that they are based on conduct that occurred outside each statute's limitations period. The Court agrees. Retaliatory adverse employment decisions and discrete acts of discrimination, such as the failure to promote, are not actionable unless the injury occurred within the statute of limitations. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 123, 122 S. Ct. 2061, 2073, 153 L. Ed. 2d 106 (2002); McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010).

Reading his response liberally, Plaintiff urges the Court

to apply a discovery accrual rule whereby his limitations clock does not start running until he realizes both the injury and the discriminatory animus that caused it.[1] (See Pl.'s Opp. at 5.) The Court rejects this argument and concludes instead that Plaintiff's limitations period began running on the date he learned of each denied promotion. See Braxton v. Erie County Dist. Attorney, No. 06-CV-311A, 2008 WL 4426021, at *5 (W.D.N.Y. Sept. 25, 2008) (explaining in dicta that, for Title VII purposes, a cause of action accrues once the plaintiff "knows or has reason to know of the injury which is the basis of his action") (citations and quotations omitted) (emphasis added). Although Morgan did not foreclose some type of discovery rule in employment discrimination cases, see 536 U.S. at 122 n.7, lower courts have not stalled the limitations period until the point at which a plaintiff realizes an employer's motive. Milani v. Int'l Bus. Machines Corp., Inc., 322 F. Supp. 2d 434, 453 (S.D.N.Y. 2004) aff'd 137 F. App'x 430 (2d Cir. Jul. 1, 2005) (rejecting argument that cause of action does not accrue until a plaintiff realizes employer's motive); see also Syrkin v. State Univ. Of New York, No. 04-CV-4336, 2005 WL 2387819, at *8 (E.D.N.Y. 2005) (rejecting equitable tolling where the plaintiff did not learn of employer's discriminatory motive until

---

[1] Plaintiff's response also seems to suggest that he was unaware that he had been denied earlier promotions (i.e., that he was unaware of the earlier injuries) until his January 2008 request for a promotion was denied. This assertion is illogical, and there are no allegations in the Complaint to support it.

claim was time-barred).

Accordingly, for the analysis that follows, the Court treats the discrimination to have occurred at the time of Plaintiff's injury, regardless of whether Plaintiff was aware of Defendants' allegedly discriminatory motives.

A.  Title VII Claims

Defendants contend that Plaintiff's Title VII failure-to-promote claims should be dismissed to the extent that they are based on conduct that occurred before June 19, 2007. This portion of Defendants' motion is GRANTED. Each denial of a promotion is a discrete act of discrimination that must first be raised with the Equal Employment Opportunity Commission (the "EEOC") before a plaintiff can initiate a federal suit. McGullam, 609 F.3d at 75. In New York, a plaintiff must raise discrimination allegations with the agency within 300 days from the date the discrimination occurred. Id. Plaintiff filed his EEOC charge on April 14, 2008. (Ex. C to the Declaration of Jeremy M. Brown, Plaintiff's EEOC Charge).[2] Accordingly, Plaintiff's Title VII discrimination claims in Count I premised on denials of promotions that occurred prior to June 19, 2007, 300 days prior to April 14, 2008, are DISMISSED as time-barred.

---

[2] The Court takes judicial notice of Plaintiff's EEOC charge on a motion to dismiss. See Nickens v. New York State Dep't of Correctional Svcs., No. 94-CV-5425 (FB), 1996 WL 148479, at *1 (E.D.N.Y. Mar. 27, 1996).

B. NYSHRL Claims

Defendants next contend that Plaintiff's failure-to-promote and retaliation claims under the NYSHRL should be dismissed to the extent that they are based on conduct that occurred before April 15, 2007. NYSHRL claims based on discrete acts of discrimination must be brought within three years of the date on which the acts occurred. See N.Y. C.P.L.R. § 214(2); Kassner v. 2nd Avenue Delicatessen, Inc., 496 F.3d 229, 238 (2d Cir. 2007).

Defendants' request is granted as to Plaintiff's discrimination allegations but not as to his retaliation allegations. The Court does not read the Complaint to contain retaliation allegations beyond those claiming that Plaintiff suffered retaliation in response to his filing an EEOC charge. (See Compl. ¶ 8; id. ¶ 5 ("Since the [formal charge of discrimination], Defendants has [sic] responded with a retaliation campaign. . . ."); id. ¶ 55 ("After [Plaintiff's] EEOC claim was filed, Defendants embarked upon a series of retaliatory acts against [Plaintiff.]") (emphasis added).) This retaliation would have had to have happened after he filed the charge on April 14, 2008. Thus, Defendants' request to preclude retaliation claims premised on pre-April 2007 conduct is DENIED as unnecessary.

The Court GRANTS Defendants' request with respect to Plaintiff's failure-to-promote allegations in Counts II and VII.

These claims are DISMISSED to the extent that they are based on conduct that occurred before April 15, 2007. See N.Y. C.P.L.R. § 214(2).

  C.  Section 1981 Claims

For the same reasons, Defendants' request to partially dismiss Plaintiff's Section 1981 failure-to-promote and retaliation claims is granted in part. Section 1981 claims based on discrete acts of discrimination must be brought within four years of the date on which the acts occurred. 28 U.S.C. § 1658; Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 382, 124 S. Ct. 1836, 1845, 158 L. Ed. 2d 645 (2004). As discussed above, the only alleged retaliation had to have occurred well within the limitations period. Plaintiff's Section 1981 failure-to-promote claim in Count VI, however, is DISMISSED to the extent that it is based on conduct that occurred prior to April 15, 2006, four years before Plaintiff commenced this action.

CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART. It is hereby ORDERED that Counts V and X, which allege violations of the New York City Human Rights Law, are DISMISSED in their entirety.

It is further ORDERED that Count I is DISMISSED to the extent it asserts failure-to-promote claims under Title VII that are based on conduct that occurred prior to July 19, 2007.

9

It is further ORDERED that Counts II and VIII are DISMISSED to the extent that they assert failure-to-promote claims under the NYSHRL that are based on conduct that occurred prior to April 15, 2007.

It is further ORDERED that Count VI is DISMISSED to the extent it asserts a failure-to-promote claim that is based on conduct that occurred before April 15, 2006.

The Court emphasizes that this Order is narrow in scope. Except for Counts V and X, the Court does not dismiss any cause of action outright. Rather, Plaintiff's claims on each remaining Count are limited to those based on conduct that occurred within the applicable statute's limitations period. Further, although the Court does not consider the evidentiary issue here, this Order does not preclude Plaintiff from introducing evidence of out-of-time discriminatory acts as "background evidence" in support of his timely claims. See Morgan, 536 U.S. at 113.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 14, 2010
       Central Islip, New York